Citation Nr: 1522730 
Decision Date: 05/29/15 Archive Date: 06/11/15

DOCKET NO. 12-28 400 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Nashville, Tennessee


THE ISSUE

Entitlement to a total disability rating based on unemployability due to service-connected disabilities (TDIU).


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

N. Holtz, Associate Counsel

INTRODUCTION

The Veteran (appellant) had active duty service from May 1968 to March 1970.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an October 2011 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Nashville, Tennessee.

The Veteran testified at a February 2014 videoconference hearing before the undersigned. A transcript of those proceedings is of record. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

The Veteran testified in February 2014 that his service-connected coronary artery disease had worsened since his most recent examination. Those assertions are supported by the June 2011 cardiology treatment note that indicated that the Veteran experienced significant fatigue, and would fall asleep after sitting for a few minutes, which are symptoms that were not addressed in the May 2011 examination report. With competent evidence of worsening, a new examination is warranted. Snuffer v. Gober, 10 Vet. App. 400, 403 (1997).

Additionally, the Veteran indicated during his hearing that VA treatment records relevant to his coronary artery disease existed that postdated the most recent records available in the claims folder. VA must obtain all relevant records prior to adjudication of the appeal. Bell v. Derwinski, 2 Vet. App. 611, 613 (1992).


Accordingly, the case is REMANDED for the following action:

1. Obtain and associate with the claims file any pertinent records adequately identified by the Veteran, including any ongoing VA treatment records.

2. After all treatment records have been obtained, schedule the Veteran for an examination to determine the current extent and severity of his service-connected coronary artery disease. The claims file should be made available to and reviewed by the examiner in connection with the examination. 

Included in the examination report, the examiner should comment on the functional impairment caused solely by the service-connected coronary artery disease. The examiner is specifically requested to consider the effects of coronary artery disease on potential sedentary employment. 

A report of the examination should be prepared and associated with the claims file. A comprehensive rationale must be provided for all opinions rendered. If the examiner cannot provide the requested opinions without resorting to speculation, he or she should expressly indicate this and explain why no such opinion could be rendered.

3. After the development requested has been completed, the AOJ should review the examination report to ensure that it is in complete compliance with the directives of this remand. If the report is deficient in any manner, the AOJ must implement corrective procedures at once.

4. Then, readjudicate the claim. If the benefit sought on appeal is not granted to the Veteran's satisfaction, the Veteran and the representative should be furnished a supplemental statement of the case and provided an appropriate opportunity to respond before the claims folder is returned to the Board for further appellate action.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
J.B. FREEMAN
Acting Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).